```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| LINDA RISNER, | : | |
| | : | No. 1:11-cv-036 |
| Plaintiff, | : | |
| | : | |
| VS. | : | **OPINION AND ORDER** |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

This matter is before the Court on the Magistrate Judge's January 25, 2012 Report and Recommendation (doc. 15), Plaintiff's Objections (doc. 17), and Defendant's Response (doc. 18). For the reasons indicated herein, the Court REJECTS the Magistrate Judge's Report and Recommendation and REMANDS this case for further consideration.

**I. Background**

Plaintiff applied for both Disability Insurance Benefits ("DIB") on October 26, 2006, alleging an onset date of disability of September 4, 2006, based on a combination of physical and mental impairments (doc. 15). Her application was denied both initially and on reconsideration, and she was given a hearing before an Administrative Law Judge ("ALJ"), where she was represented by counsel (Id.). The ALJ denied Plaintiff's application (Id.). Plaintiff appealed to the Appeals Council, which denied review; Plaintiff then sought review from this Court, and by general order

of reference the matter was referred to the Magistrate Judge (Id.).

The Magistrate Judge reviewed the record and in her Report and Recommendation concluded that the ALJ's decision should be affirmed and the case closed (Id.). Plaintiff timely objected to the Magistrate Judge's Report and Recommendation (doc. 17), Defendant replied (doc. 18), and the matter is now ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge's Report and Recommendation thoroughly lays out the facts and procedure of this case, and the Court will not reiterate them here except as needed for this Opinion. In brief, the ALJ determined that Plaintiff suffers from coronary artery disease with residuals of bypass surgery, chronic obstructive pulmonary disease, major depressive disorder and anxiety disorder but that none of these impairments, nor a combination thereof, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, meaning that Plaintiff was not entitled to a presumption of disability. The ALJ further found that Plaintiff was capable of performing a limited range of light work with certain additional limitations and that she could perform a significant number of jobs in the national economy.

In her statement of errors, Plaintiff argued that the ALJ erred when he failed to specify why she did not meet or equal one

of the listed impairments (a "Listing"), when he failed to give adequate weight to her treating physician's assessment, and when he improperly assessed Plaintiff's credibility. The Magistrate Judge rejected each of these contentions. Specifically, with respect to Plaintiff's contention that the ALJ erred when he failed to explain why Plaintiff did not meet or equal a Listing, the Magistrate Judge determined that, to the extent this argument was not waived by Plaintiff, any error committed by the ALJ was harmless because, even though the ALJ did not reference a particular Listing, the Magistrate Judge found substantial evidence to support the ALJ's determination that Plaintiff did not meet or equal the Listing requirements.

Regarding Plaintiff's contention that the ALJ erred when he failed to properly weigh Plaintiff's treating source medical opinion, the Magistrate Judge concluded that the ALJ's rejection of Plaintiff's treating physician's recommendation regarding disability was supported by substantial evidence that it was inconsistent with all other medical record of evidence. In addition, the Magistrate Judge found that Plaintiff's treating physician's opinion "contains so little explanation that it comes close to being 'so patently deficient that the Commissioner could not possibly credit it'" (Id., quoting Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009)). Consequently, the Magistrate Judge found no merit to Plaintiff's claim of error.

Finally, the Magistrate Judge rejected Plaintiff's contention that the ALJ erred when he found her testimony that she could not sustain full-time employment "less than credible," finding that the ALJ's decision was supported by substantial evidence (Id.).

**III. Plaintiff's Objections**

As an initial matter, Plaintiff contends both that the Magistrate Judge failed to address the arguments she made in her statement of errors and, instead, simply "echoes the arguments made in the ALJ's decision and in Defendant's brief" and that the report includes some misapplications of case law (doc. 17).

With respect to her first assignment of error regarding the ALJ's failure to give an "explained conclusion" about his decision that she failed to meet or equal a Listing, Plaintiff argues that the Magistrate Judge incorrectly analyzed Reynolds v. Comm'r of Soc. Sec., when she determined that any error in failing to explain his rationale was harmless (Id., citing Reynolds v. Comm'r of Soc. Sec., 424 Fed. Appx. 411 (6th Cir. April 1, 2011)). Plaintiff argues that remand is required here, irrespective of the fact that Plaintiff generally bears the burden of proof with respect to whether an impairment meets or equals a Listing, because the ALJ's failure to discuss what evidence was presented and how it did or did not support any specific Listing was legal error (Id.).

Plaintiff asserts that her second assignment of error has

two parts, which, she contends, the Magistrate Judge failed to recognize. Specifically, she argues that (i) the ALJ erred by failing to assign sufficient weight to Plaintiff's treating physician's opinion and (ii) the ALJ erred by failing to provide sufficient limitations for Plaintiff's psychological impairments (Id.). According to Plaintiff, the Magistrate Judge failed to understand that this assignment of error was in two parts, and she misunderstood the opinion provided by the treating physician (Id.).

With respect to her third assignment of error, that the ALJ erred in his assessment of Plaintiff's credibility, Plaintiff contends that the Magistrate Judge failed to address her arguments and argues that her recommendation should be disregarded for that reason (Id.).

**IV. Discussion & Conclusion**

The Court finds Plaintiff's objections to the Magistrate Judge's Report and Recommendation persuasive. Specifically, with respect to Plaintiff's first assignment of error, the Court finds that the manner in which the ALJ dealt with Plaintiff's application at Step 3 was insufficient when he failed to explain how and why he determined that Plaintiff failed to meet or equal a Listing.

The ALJ was required to engage in a five-step process in assessing Plaintiff's application. At Step 1, the question is whether the claimant is still performing substantial gainful

activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments is "severe"; at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing; at Step 4, the Commissioner determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5, once it is established that the claimant can no longer perform her past relevant work, the burden shifts to the agency to determine whether significant numbers of other jobs exist in the national economy which the claimant can perform. See Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 643 (6th Cir. 2006).

The Magistrate Judge noted that both the Third and Fifth Circuits require something more at Step 3 than a blanket statement that the claimant does not meet or equal a Listing (doc. 15, citing Audler v. Astrue, 501 F.3d 446, 448 (5 Cir. 2007); Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-120 (3rd Cir. 2000)). However, the Magistrate Judge contends that the Sixth Circuit requires only minimal articulation at Step 3, citing Price v. Heckler, 767 F.2d 281, 284 (6th Cir. 1985). Further, the Magistrate Judge cites Hurst v. Sec'y of Health & Human Servs., 753 F.2d 517, 519 (6th Cir. 1985) for the proposition that "[s]o long as the ALJ's decision as a whole articulates the basis for his or her conclusion, it may be affirmed" (doc. 15).

With all due respect, the Court does not find these cases

to be supportive of the propositions for which they are put forth. First, the Court assumes that the Magistrate Judge cites Price for the idea that "only minimal articulation" is required based on the statement that "[a]lthough the ALJ's findings of fact could have been stated with more particularity, we are not persuaded that his findings are legally insufficient."  See Price, 767 F.2d at 284. This, of course, is a far cry from an assertion that the case stands for the proposition that only minimal articulation is required at Step 3 of the disability analysis.  Notably, the court did not rest either its analysis or its decision on a Step 3 question.  On the contrary, the question of disability clearly hinged on whether the claimant was able to engage in any gainful activity, not whether the ALJ had engaged in a thorough enough discussion about whether or not she met or equaled the Listings. Price dealt with the application for widow's disability benefits, and the court was careful to note, just following the statement relied on by the Magistrate Judge, that the standard for widow's disability benefits was stricter than the standard used for wage-earner disability benefits and stated, "Our conclusion as to the adequacy of the findings and as to disability might well be different if claimant were a wage earner...." Price, 767 F.2d at 284.  The case before the Court deals with the application of benefits of a wage earner, and the specific issue before the Court is whether or not the ALJ's failure to give any explanation

regarding his decision that Plaintiff failed to meet or equal a Listing.  <u>Price</u> is, simply put, entirely irrelevant.

<u>Hurst</u> is no more availing.  First, as noted above, the Magistrate Judge cites <u>Hurst</u> for the proposition that "[s]o long as the ALJ's decision as a whole articulates the basis for his or her conclusion, it may be affirmed."  However, the Sixth Circuit in <u>Hurst</u> reversed the district court and the ALJ and remanded the case for an award of benefits, finding that the Commissioner's decision was not supported by substantial evidence, so the Court cannot understand the citation to <u>Hurst</u> as used by the Magistrate Judge.  Indeed, the Sixth Circuit took the Commissioner to task for failing to address and assess the credibility of the claimant's treating physician, noting that "failure to consider the record as a whole undermines the [Commissioner's] conclusion."  <u>Hurst</u> at 519.  Interestingly, <u>Hurst</u> arguably supports Plaintiff's position, as the court positively quotes a Seventh Circuit case in its discussion about the Commissioner's failure to address and discuss evidence:

> In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is "substantial" only when considered in isolation. It is more than merely "helpful" for the ALJ to articulate reasons ... for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.

<u>Id.</u>, quoting <u>Zblewski v. Schweiker</u>, 732 F.2d 75, 78 (7th Cir. 1984).  Here, the Court finds that it is more than merely "helpful" for the ALJ to articulate his reasons for why Plaintiff failed to

meet or equal a listing. Indeed, the Court finds it "absolutely essential for meaningful...review."

Given that Price and Hurst, the two published Sixth Circuit cases upon which the Magistrate Judge relied, are unhelpful to the Court's analysis, the Court turns to Reynolds, the unpublished Sixth Circuit case upon which Plaintiff relies. In Reynolds, the ALJ began by concluding that the claimant did not have an impairment or combination of impairments that met "sections 1.00 or 12.00 of the Listings." 424 Fed.Appx. at 415. While the ALJ then did engage in a discussion and analysis as to why he found that the claimant's mental impairment did not meet or equal a Listing, he failed to do so with respect to the claimant's physical impairment and simply went on to the next step in the five-step analysis. Id. The court found that the ALJ erred when he failed to analyze the claimant's physical condition in relation to the Listings, noting that "he skipped an entire [required] step of the necessary analysis." Id. at 416. The court further determined that the "ALJ's error was not harmless, for the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits...." Id. Without an "explained conclusion"as to the Listings, the court found it "impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." Id., quoting with approval the Third Circuit's decision

in Burnett v. Comm'r of Soc. Sec., 220 F.3d 112.

The Magistrate Judge dismissed Plaintiff's reliance on Reynolds, finding that any error committed by the ALJ was harmless because Plaintiff failed to present evidence supporting a finding of meeting or equaling a Listing (doc. 15). However, the Court finds that where, as here, the ALJ fails to complete a required step in the five-step analysis, the proper course is to remand the case for him to complete his task. Requiring a reasoned and explained conclusion is not merely a formalistic requirement. On the contrary, as noted by the Sixth Circuit, it is a necessary component for this Court to ascertain whether the ALJ's decision was supported by substantial evidence. It is not for the Magistrate Judge to step into the shoes of the ALJ and complete his job for him. The ALJ should, in the first analysis, assess whether the evidence put forth shows that Plaintiff meets or equals a Listing. Should he determine she does not, the ALJ must explain his decision with a discussion and analysis of the evidence.

Plaintiff's objections to the Magistrate Judge's Report and Recommendation as to her first assignment of error are well-taken, and the Court finds that remand is proper. Having so found, the Court need not engage in a thorough discussion of Plaintiff's other assignments of error, but in the interest of judicial economy, the Court notes that it does find merit in Plaintiff's objections with respect to her second assignment of error. Upon

remand, therefore, the ALJ should (i) assess whether the evidence put forth by Plaintiff shows she has an impairment that meets or equals a Listing; (ii) explain his conclusion and (iii) review Plaintiff's treating source opinion and credit it with the weight such treating source opinions deserve.

       SO ORDERED.

Dated: March 14, 2012        <u>s/S. Arthur Spiegel</u>
                                            S. Arthur Spiegel
                                            United States Senior District Judge